IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| PIERRE C. SCOTT[1], ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 321-037 |
| ) | |
| MS. WILLIAMSON, Lt. Disciplinary Officer; ) | |
| WARDEN VANCE LAUGHLIN; JENNIFER ) | |
| CLARK, State Contract Monitor; MR. ) | |
| LEMON, Cpt. Shift Supervisor/Classification ) | |
| Committee; DONOVAN HAMILTON, ) | |
| Deputy Warden Care & Treatment; MR. ) | |
| HORNE, Chief of Security/Classification ) | |
| Committee; JUANITA ADKINS, Unit ) | |
| Manager 700 Unit; MR. POWELL, Lead ) | |
| Investigator; MS. WESLEY, Case Manager ) | |
| 300 Unit/Classification Committee; MS. ) | |
| HAROLD, Assistant Chief of Security; MR. ) | |
| DANFORT, Former Deputy Warden; JOY ) | |
| SCOTT, Grievance Coordinator; and, CPT. ) | |
| FAISON, ) | |
| ) | |
| Defendants. ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, incarcerated at Wheeler Correctional Facility in Alamo, Georgia is proceeding *in forma pauperis* ("IFP") in this case filed pursuant to 42 U.S.C. § 1983.

---

[1] On August 8, 2021, Plaintiff noticed a change of address. (Doc. no. 9.) Plaintiff requests the Court to deliver correspondence to a private address. (Id.) However, Plaintiff remains incarcerated at Wheeler Correctional facility, and all legal correspondence shall be delivered to Plaintiff's actual location. Thus, the Court **DIRECTS** the Clerk to revert Plaintiff's address on the docket to Wheeler Correctional Facility, P.O. Box 466, Alamo, GA, 30411, ID number 1001212053. (Doc. no. 1, p. 2.)

Because he is proceeding IFP, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

**I.      BACKGROUND**

Plaintiff names as Defendants: (1) Ms. Williamson, Lt. Disciplinary Officer; (2) Warden Vance Laughlin; (3) Jennifer Clark, State Contract Monitor; (4) Mr. Lemon, Cpt. Shift Supervisor/Classification Committee; (5) Donovan Hamilton, Deputy Warden Care & Treatment; (6) Mr. Horne, Chief of Security/Classification Committee; (7) Juanita Adkins, Unit Manager 700 Unit; (8) Mr. Powell, Lead Investigator; (9) Ms. Wesley, Case Manager 300 Unit/Classification Committee; (10) Ms. Harold, Assistant Chief of Security; (11) Mr. Danfort, Former Deputy Warden; (12) Joy Scott, Grievance Coordinator; and (13) Cpt. Faison. (Doc. no. 1, p. 1-6.) Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On November 24, 2020, Plaintiff attended a disciplinary hearing in Lt. Williamson's office for undisclosed actions. (Id. at 6.) Plaintiff informed Lt. Williamson he never received the disciplinary report prior to the hearing. (Id.) At the hearing, Plaintiff asked Lt. Williamson to watch the camera to show Plaintiff never received the disciplinary report, but Lt. Williamson did not have access to the camera. (Id.) Lt. Williamson asked how he would like to plead, however Plaintiff refused to answer. (Id.) Lt. Williamson found Plaintiff guilty and Plaintiff refused to sign any of the paperwork. (Id.) Plaintiff never received an appeal form for this disciplinary hearing, and instead he filed a grievance with his case manager, Ms. Weprek. (Id.)

On January 14, 2021, Plaintiff spoke with Jennifer Clark about his grievance and grievance appeal. (Id.) Ms. Clark spoke with Plaintiff about his "side of the issue" and informed Plaintiff the cameras are not available to the inmates for disciplinary hearings, nor do inmates have a right to the footage. (Id.) Ms. Clark also informed Plaintiff his forty-five-day sanction ended, and when asked what Plaintiff wanted to do about the grievances, Plaintiff did not answer Ms. Clark. (Id.)

On February 21, 2021, Plaintiff and another inmate, Lawrence Jackson, were involved in an altercation. (Id. at 7.) Jackson shoved Plaintiff against a wall and charged him, but before Jackson reached him again, Plaintiff hit Jackson twice in the face causing Jackson to fall and hit his head on the concrete. (Id.) A few hours later, C.C. Powell came to Plaintiff's dorm and told him to gather his things. (Id.) Plaintiff spoke with Investigator Powell and the Unit Manager, Ms. Adkins, and told them Jackson attacked Plaintiff and he defended himself. (Id.) After reviewing the camera footage, Investigators Powell and Adkins told Plaintiff they did not see Jackson attack him. (Id.) On February 24, 2021, Plaintiff was admitted to administrative segregation. (Id.) Plaintiff claims the only paperwork he received was a disciplinary report. (Id.)

On March 1, 2021, Disciplinary Officer Raven Wise gave Plaintiff an inmate's rights form and advocate form, which Plaintiff signed after requesting an advocate. (Id.) On March 2, 2021, Plaintiff demanded release from administrative segregation because the disciplinary officer did not give Plaintiff a hearing within twenty-four hours as specified in the inmate's rights form. (Id.) Lt. Williamson informed Plaintiff that she had an additional three days to give Plaintiff a hearing because Plaintiff requested an advocate. (Id.) One day later, Plaintiff filed two grievances related to his continued detention in administrative

segregation.  (Id.)  On March 4, 2021, Plaintiff attended a disciplinary hearing with Lt. Williamson.  (Id.)  Plaintiff requested an impartial adjudicator, claiming Lt. Williamson could not act impartially because Plaintiff filed a grievance against her.  (Id. at 7-8.)  Plaintiff told Lt. Williamson that Inmate Jackson attacked him, and therefore he had a right to defend himself, but Lt. Williamson said the camera did not show Jackson initiate the altercation. (Id. at 8.)  Lt. Williamson found Plaintiff guilty and sentenced him to twenty-one days in disciplinary isolation and phone, package, and store restrictions to end on March 24, 2021. (Id.)  Plaintiff alleges during the disciplinary hearing, when Plaintiff asked "if [Lt. Williamson] was violating my rights" Lt. Williamson responded "yes".  (Id.)  Plaintiff received an appeal form, but mailed it to the Internal Affairs Unit in Hardwick, Ga.  (Id.) Additionally, Plaintiff filed a grievance concerning the alleged deprivation of rights.  (Id.)

On March 16, 2021, Plaintiff allegedly made an agreement with Cpt. Lemon, through Ms. Wesley, that Plaintiff would drop all his grievances and Cpt. Lemon would release Plaintiff from administrative segregation either that same day or the next.  (Id.)  Plaintiff signed the forms, dropping five grievances.  (Id.)  On March 17, 2021, Plaintiff filed two more grievances, one concerning the violation of Core Civic Policy 15-100 and one concerning Cpt. Lemon's alleged breach of contract.  (Id.)

On March 19, 2021, Warden Laughlin told Plaintiff he was on close security because of the disciplinary report from March 4, 2021.  (Id.)  Plaintiff received an administrative segregation appeal form which cited fighting as the reason for placement on administrative segregation.  (Id. at 9.)  Plaintiff completed the form and informed Ms. Wesley he had a disciplinary report for assault, not fighting, and he was not afforded an administrative segregation hearing.  (Id.)  Plaintiff filed another grievance.  (Id.)

Plaintiff filed multiple grievances from March 24, 2021 through April 12, 2021 concerning his continued detention in administrative segregation. (Id.) On April 2, 2021, Sgt. Troup told Plaintiff he was on phone restriction, and therefore could not use the phone. (Id.) Plaintiff told Sgt. Troup he was no longer on phone restriction since those restrictions were to end on March 24, 2021. (Id.) After speaking with Lt. Williamson and Ms. Wesley and reviewing the sanctions sheet, Sgt. Troup told Plaintiff his sanctions did not end until June 1, 2021. (Id.) Plaintiff received two disciplinary reports because of his reaction to this news. (Id.)

On April 13, 2021, Plaintiff had a disciplinary hearing with Lt. Williams. (Id.) During this hearing, Plaintiff told Lt. Williams that Sgt. Troup misstated the facts related to the disciplinary report, and that the restrictions imposed by Lt. Williamson expired on March 24, 2021. (Id. at 10.) Lt. Williamson sentenced Plaintiff to forty-five days of restrictions. (Id.) Plaintiff filed an appeal and has not received a response. (Id.) Plaintiff also claims Ms. Wesley failed to act as his staff advocate and protect his due process rights during the disciplinary hearing. (Id.)

On April 21, 2021, Plaintiff requested documents from Ms. Wesley and Joy Scott. (Id.) Ms. Scott complied with the request on April 23, 2021, but as of April 29, 2021, Ms. Wesley had not complied. (Id.) On April 26, 2021, Plaintiff completed an affidavit stating he sent Lt. Williamson an open records request. (Id.) Plaintiff also alleges Ms. Scott and Ms. Wesley obstructed the grievance process to prevent review of his other grievances. (Id. at 11.) For relief, Plaintiff requests (1) his entire disciplinary record be expunged, (2) compensatory damages in the amount of the fees charged to Petitioner, and (3) $10 million in punitive damages. (Id. at 13.)

## II.     DISCUSSION

### A.     Legal Standard for Screening

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief.  See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).  "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (*per curiam*) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.  While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678.  A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557).  In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at

6

557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction does not mean that the Court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### B. Plaintiff Fails to State a Valid Claim against Defendants Hamilton, Horne Harold, Danfort, and Faison

The Eleventh Circuit has held that a district court properly dismisses a defendant where a plaintiff fails to state any allegations that associate the defendant with the purported constitutional violation. Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."). Plaintiff's only mention of Defendants Hamilton, Horne, Harold, Danfort, and Faison is in his defendant list. (Doc. no. 1, pp. 4-5.) Because Plaintiff alleges no facts regarding Defendants Hamilton, Harold, Danfort, and Faison anywhere in his complaint, he fails to state a claim against them.

### C. Plaintiff Fails to Establish a Due Process Violation Claim

Plaintiff asserts his placement in administrative segregation is unjustified and requests intervention by the Court. (See generally doc. no. 1.) Plaintiff's assertion fails to state a claim upon which relief can be granted because, as explained below, he has not established a constitutionally protected liberty or property interest to make out a procedural due process claim. To state a claim, "a plaintiff must establish three elements: (1) a deprivation of a

7

constitutionally protected liberty or property interest; (2) state action; and (3) constitutionally inadequate process." Quintanilla v. Bryson, 730 F. App'x 738, 743 (11th Cir. 2018) (citing Grayden v. Rhodes, 345 F.3d 1225, 1232 (11th Cir. 2003)).  Plaintiff clearly establishes state action, thus the Court turns to the remaining two elements.

Prisoners have "no constitutionally protected liberty interest in being classified at a certain security level or housed in a certain prison." Kramer v. Donald, 286 F. App'x 674, 676 (11th Cir. 2008); see also Meachum v. Fano, 427 U.S. 215, 223-24 (1976) (finding no liberty interest in transfer to less agreeable prison).  However, there are two instances in which a prisoner may claim a protected liberty interest has been violated by placement in punitive segregation:  the placement (1) "will inevitably affect the duration of his sentence"; or (2) "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484, 486 (1995).

"It is plain that the transfer of an inmate to less amenable and more restrictive quarters for non-punitive reasons is well within the terms of confinement ordinarily contemplated by a prison sentence." Al-Amin, 165 F. App'x at 738-39 (citing Hewitt v. Helms, 459 U.S. 460, 468 (1983), *modified on other grounds*, Sandin, 515 U.S. at 481)); see also Chandler v. Baird, 926 F.2d 1057, 1060 (11th Cir. 1991) (stating Due Process Clause does not "create 'an interest in being confined to a general population cell, rather than the more austere and restrictive administrative segregation quarters.'" (citation omitted)).  Thus, the Court must consider whether a deprivation of in-prison benefits "impose[s] atypical and significant hardship on [Plaintiff] in relation to the ordinary incidents of prison life." Hill v. Sellars, No. 5:15-CV-00453, 2016 WL 7972197, at *5 (M.D. Ga. Nov. 17, 2016) (citing

8

Sandin, 515 U.S. at 484 and Wilkinson v. Austin, 545 U.S. 209, 223 (2005)), *adopted by*, 2017 WL 343638 (M.D. Ga. Jan. 23, 2017).

To meet this pleading requirement, Plaintiff "must state or allege *facts* to show an 'atypical and significant hardship.'" Gilyard v. McLaughlin, No. 5:14-CV-185, 2015 WL 1019910, at *7 (M.D. Ga. Mar. 9, 2015). Stated otherwise, for the Court to determine whether the state has created a protected liberty interest, Plaintiff must allege sufficient facts about the "ordinary incidents of prison life" and the conditions of confinement he experiences to state a plausible claim for relief. See Mathews v. Moss, 506 F. App'x 981, 984 (11th Cir. 2013); Hill, 2016 WL 7972197, at *5.

Plaintiff has not provided any information about conditions of confinement in administrative segregation, let alone how those conditions pose an "atypical and significant hardship" on him. Plaintiff only alleges he was placed in administrative segregation and does not mention how those conditions differ from general population or affect the duration of his sentence. Therefore, Plaintiff fails to state a procedural Due Process claim against any Defendant for being placed in administrative segregation.

Although Plaintiff complains about the procedure by which he was placed in administrative segregation, he does not appear to allege a substantive Due Process claim. However, in an abundance of caution, the Court will address any such potential claim. As with his procedural Due Process claim, Plaintiff must first establish an atypical and significant hardship implicating a constitutionally protected liberty interest in order to state a substantive Due Process claim based on prison conditions. See Smith v. Deemer, 641 F. App'x 865, 868-69 (11th Cir. 2016) (holding prisoner plaintiff failed to state substantive and procedural due process claims regarding conditions of confinement because he did not allege

9

facts sufficient to establish constitutionally protected liberty interest); Hill, 2016 WL 7972197, at *7 (same).

As discussed in detail above, Plaintiff has not alleged conditions in administrative segregation constitute an atypical and significant hardship or lengthen the duration of his sentence, and thus no constitutionally protected liberty interest is implicated. Accordingly, Plaintiff fails to state either a substantive or procedural Due Process claim.

### D. Plaintiff Fails to State a Valid Claim Based on An Alleged Violation of Prison Regulations

To the extent Plaintiff also complains his grievances and/or disciplinary hearings were not processed in accordance with prison regulations, he fails to state a constitutional claim. An allegation of non-compliance with a prison regulation by prison officials is not, in itself, sufficient to give rise to a claim upon which relief may be granted. See Sandin v. Conner, 515 U.S. 472, 481-82 (1995) (noting that many prison regulations are "primarily designed to guide correctional officers in the administration of a prison" and that "such regulations are not designed to confer rights on inmates"); Mathews v. Moss, 506 F. App'x 981, 984 (11th Cir. 2013) (finding district court properly dismissed prisoner's claim concerning prison officials' alleged failure to follow prison procedures with respect to grievances); Taylor v. White, Civ. No. 11-0377-CG-N, 2012 WL 404588, at *5 (S.D. Ala. Jan. 10, 2012) ("A claim based on a prison official's failure to follow prison regulations or state regulations, without more, simply does not state a claim for deprivation of a constitutional right."), adopted by, 2012 WL 403849 (S.D. Ala. Feb. 7, 2012). Accordingly, Plaintiff has failed to state a separate claim upon which relief may be granted based on any alleged violation of prison regulations.

### E. Official Capacity Monetary Damages

Plaintiff states he is suing Defendants in their official capacities. However, the Eleventh Amendment bars official capacity claims against state prison officials for money damages. See Kentucky v. Graham, 473 U.S. 159, 169 (1985). Therefore, Plaintiff's official capacity claims against all Defendants for monetary relief fail as a matter of law and should be dismissed.

### III. CONCLUSION

For the reasons set forth above, Plaintiff's complaint fails to state a claim upon which relief can be granted. Therefore, the Court **REPORTS** and **RECOMMENDS** the case be **DISMISSED** without prejudice for failure to state a claim upon which relief can be granted and that this civil action be **CLOSED**.

SO REPORTED AND RECOMMENDED this 2nd day of September, 2021, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA